UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BENNY T. WARR and NINA M. WARR | REPLY MEMORANDUM OF LAW |
| Plaintiffs | Index No.: 13-CV-6508-EAW-MWP |
| v. | |
| MITCHELL STEWART, II,<br>JAMES SHEPPARD,<br>CITY OF ROCHESTER. | |
| Defendants. | |

Defendants, City of Rochester and Rochester Police Department, ("Defendants"), by their attorneys Brian F. Curran, Corporation Counsel, Spencer L. Ash, Esq., *of Counsel*, respectfully submit this Reply Memorandum of Law in Support of Defendants' Motion for Summary Judgment.

*Expert Affidavits:*

In opposition to Defendants' summary judgment motion, Plaintiffs produced two "expert" Affidavits wherein his "experts" make conclusory assertions beyond their expertise. These Affidavits assert conclusions without a scientific or factual basis and which are beyond the expertise of the Affiants. Conclusory allegations from experts that are unsupported by competent evidence are insufficient to defeat summary judgment. *Mendez v. City of New York*, 295 AD2d 487, 488 (2nd Dep't 2002); *Alvarez v. Prospect Hosp.,* 508 NYS2d 923 [1986]; *Zuckerman v. City of New York*, 49 NY2d 557, 562 (1980). Plaintiffs' experts must present proof in admissible form to support their conclusions, which they have not. *Moore v. Deere & Co*. 195.2d 1044, 1045 (4th Dep't, 1993).

Additionally, these alleged experts do not meet the Rule 702 standard of the Federal Rules of Civil Procedure. Rule 702 states:

*A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:*

*(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;*

*(b) the testimony is based on sufficient facts or data;*

*(c) the testimony is the product of reliable principles and methods; and*

*(d) the expert has reliably applied the principles and methods to the facts of the case.*

In reviewing the Affidavits of both Barbara Lacker-Ware and Michael Levine, they neither have the technical knowledge required, nor have they demonstrated the use of reliable principles and methods in obtaining their findings. Also, federal courts have frequently used the standard articulated in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). The Daubert Standard requires inquiry into the following: (1) whether the theory or technique in question can be and has been tested; (2) whether it has been subjected to peer review and publication; (3) its known or potential error rate; (4) the existence and maintenance of standards controlling its operation; and (5) whether it has attracted widespread acceptance within a relevant scientific community. The so called-expert opinions and reports in this matter fall woefully short of meeting this standard.

Neither the test of FRCP Rule 702 nor Daubert are presently satisfied, and the expert affidavits should be accordingly disregarded.

**Barbara Lacker-Ware Affidavit**

As an initial matter, Ms. Ware is not an expert in any sense of the legal definition. She is an activist. She admits being a member of Enough is Enough and the Coalition For Police Reform, two agenda-driven, social movement organizations. The conclusory opinions she offers are as follows:

1. The Civilian Review Board does not comply with Rochester City Council requirements;

2. The City promotes a culture of excessive force;
3. The Civilian Review Board is corrupt and paid off by the Rochester Police Department;
4. The Rochester Police Department provided false information to the Civilian Review Board, and;
5. The Professional Standards Section interfered with full investigations of excessive force complaints.

These conclusory and wholly unsupported allegations, by a non-expert, which are conveniently consistent with her agenda-based activism, are not relevant, admissible evidence. Mr. Burkwit has essentially submitted an amicus brief from one of the several community activists he has aroused with this salacious and perjurious case. Ms. Ware's attack on the CRB and PSS is ostensibly based on her non-expert review of certain, unspecified records and her assessment of same. She addresses tangential and unrelated cases of excessive force involving non-parties, allegations with no temporal proximity to the case at bar, and suggests that the findings in this matter were based on false evidence provided to the Civilian Review Board by the PSS, an allegation with absolutely no substantiation in the record. Any discrepancy in the record is immaterial to the ultimate outcome of the investigation and does not vitiate the plain evidence in this matter.

Ms. Ware's summation of the history of the CRB and PSS investigations, conclusory opinions such as, "These cases were presumably not investigated by PSS either"; and her attempt to re-litigate the sufficiency of discovery, which after protracted litigation both the Court and Mr. Burkwit agreed was sufficient, is simply not worthy of serious consideration. The Coalition for Police Reform, Ms. Ware's chief data source, is "a collaboration of numerous groups in the City of Rochester that came together in 2014 in response to the continued pattern of local and national incidents in which people of color are targeted for brutality by police." (Exhibit A of Lacker Affidavit, New Accountability Model, pg. 2). This group allegedly compiled public records (curiously many of these same records were provided to Mr. Burkwit around the time this group formed in 2014) which were unscientifically analyzed in a manner not described to this Court. The Coalition also makes plainly false assertions such as CRB has no investigative powers.

(Ware Affidavit, New Accountability Model, pg. 9).  Again, this group has done little more than provide an amicus brief with information supplied to them ostensibly by Mr. Burkwit, who has previously given confidential records to several anti-police organizations and websites, one having published personnel records on a blog.  He was admonished by the Court for such actions.

However, apart for from the unreliability and clear bias of the "expert" analysis provided by Ms. Ware and The Coalition for Police Reform, unrelated, unsubstantiated claims of force are **<u>not admissible</u>**.  The mere discoverability of these records was highly contested and subject to several motion in this matter.  In *Worthy v. City of Buffalo*, 2013 U.S. Dist. LEXIS 146242 (W.D.N.Y 2013) Plaintiff's Motion to Compel sought the substantiated and unsubstantiated disciplinary history of police officers for excessive force and false reporting.  In opposing the motion Defendant, City of Buffalo, cited *New York Civil Rights Law section 50-a*, which prohibits discovery of police personnel documents.  In denying Plaintiff's motion, the Court held that the Western District of New York will generally direct production of documents contained in the personnel file of an officer ***<u>only if the documents are relevant and involved disciplinary action taken against the officer</u>***. *Id* at 4. The Court also stated that ***<u>it is unlikely that documents relating to unsubstantiated claims of excessive force would lead to admissible evidence.</u>*** Moreover, the Court cited *Crenshaw v. Herbert 409* Fed.Appzx. 428 (2d. Cir. 2011) in holding ***that even if evidence of a prior substantiated excessive force investigation existed, such evidence would not be relevant to the particular facts of the case at bar***. *Crenshaw* at 430.

In *Matter of Capital Newspaper v. Burns,* 67 N.Y.2d 562 (1986) the Court held that the legislative intent of Section 50-a is to prevent time consuming and vexatious investigation into irrelevant collateral matters, and to avoid embarrassment and harassment of testifying officers by cross examination concerning unsubstantiated and irrelevant matters in their personnel files.  The Western District has made it clear that "piling on" irrelevant, unrelated complaints against an officer is simply not permissible.  Furthermore, "unsubstantiated CRB reports do not demonstrate a breach of a municipality's duty to train or supervise its police." *Law v. Cullen*,

613 F. Supp. 259, 262-63 (S.D.N.Y. 1985). Therefore, Ms. Ware's analysis with respect to the disposition of prior force complaints is entirely irrelevant.

Also, Ms. Ware's opinion about the PSS providing false and misleading evidence to the CRB is based on her review of the opinion of Mr. Burkwit's paid expert, Michael Levine, also a non-expert dredged up to oppose the present motion. (Ware Affidavit, Opinion Statement pg. 12). Ms. Ware's Affidavit is neither expert nor relevant, and does not assert material facts in opposition to the present motion.

### *Michael Levine:*

Mr. Levine is not a use of force expert – he has specialized training in drug enforcement and intelligence. Nothing in his Curriculum Vitae suggests that he is qualified to forensically review video and opine on appropriate levels of force in this matter. Moreover, his opinion that he observed a closed fist punch in the cellphone video defies the plain viewing of the video and the careful review and opinions of the CRB, PSS and the City of Rochester's use of force expert. Moreover, even if the Court conceded that in addition to an elbow strike, and two (2) to three (3) knee strikes, Ferrigno administered a punch, Mr. Warr nonetheless continued his non-compliance, refused to surrender his arms for arrest, and ultimately required three (3) officers to take him into custody. Therefore, the addition of a punch, if credited by the Court, is absolutely irrelevant to the analysis of force. Force continued until Mr. Warr was in custody and abruptly stopped when he was placed securely in handcuffs. This fact is plainly visible and uncontested.

Mr. Levine's contention that Mr. Warr was "continuously beaten, kicked and punched" is unworthy of serious consideration by the Court and is demonstrably false from any objective viewing of the video. (Levine Affidavit, paragraph 5). **Where video clearly contradicts a witness' statements, courts have found that no reasonable jury could credit such statements**. *Arnold v. Westchester County*, 2012 U.S. Dist LEXIS 12992 (S.D.N.Y, 2012). Additionally, Mr. Levine's opinion that Sgt. Snow *"[m]ay have* administered a kick to Mr. Warr's body…" is nothing more than speculation and is not competent evidence. (Levine Affidavit, paragraph 7).

No competent evidence in Mr. Levine's Affidavit disputes the fact that Mr. Warr refused place his hands behind his back as instructed, and refused to submit to arrest until sufficient force was applied. He also does not dispute the fact that force ended upon Warr's arrest. Levine's opinions as to the danger posed by the crowd and the Officers' perceptions are wholly irrelevant as the applicable standard of review is not the post-event opinion of a paid consultant, but rather an objectively reasonable patrol officer under similar circumstances. His opinions do not demonstrate the application of acceptable principles or a technical expertise in the area of force. Mr. Levine, a cop whose experience is almost exclusively in drug enforcement, reviewed the subject videos, "enlarged" said videos, and has offered a concluzory opinion outside his purview. Such opinion should not be accorded any weight by the Court.

As previously stated, this case was reviewed by the highest level of police command and the Civilian Review Board, it is therefore impossible on the admissible evidence in this record for a jury to find that Ferrigno and Liberatore's actions were objectively unreasonable.

### *Warr Affidavit:*

Mr. Warr's self-serving Affidavit is not sufficient to oppose the current motion. "A self-serving Affidavit which reiterates the complaint's concluory allegations is insufficient to preclude summary judgment…. Plaintiff cannot rest on allegations…without significant probative evidence tending to support the complaint." *Anderson v. Liberty Lobby, Inc.* 477 U.S. 232, 249 (1986). Nothing in the record contradicts the clear evidence that Mr. Warr was part of a large group loitering on the street, was ordered to clear the street, and did not comply with a lawful order. Moreover, there is no significant, probative evidence that Mr. Warr was acting in a lawful and compliant manner prior to his takedown and arrest. Lastly, there is no evidence in the record that the actions of Ferrigno and Liberatore were objectively unreasonable in light of all the facts and circumstances observed by them at the time of the arrest.

# CONCLUSION

**WHEREFORE**, it is respectfully requested that Defendants' motion for summary judgment be granted, together with such other and further relief as the Court deems just and proper, including awarding to the City Defendant the costs and disbursements of this proceeding.

DATED: October 20, 2016

                                    **BRIAN F. CURRAN**
                                    **CORPORATION COUNSEL**

                                    _/s/Spencer L. Ash_
                                    Spencer L. Ash, Esq., of counsel
                                    Attorneys for Defendants
                                    30 Church Street, Room 400A City Hall
                                    Rochester, NY   14614
                                    Telephone:  (585) 428-6699

TO:    Charles F. Burkwit, Esq.
           Attorney for Plaintiffs
           Benny T. Warr and Nina M. Warr
           16 East Main Street, Suite 450
           Rochester, New York 14614
           (585) 546-1588
           burkwitesq@aol.com