UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BENNY T. WARR and NINA M. WARR,

                            Plaintiffs,        **TRIAL MATERIAL**

vs.

                                         **13-CV-6508-EAW-MWP**

ANTHONY R. LIBERATORE,
JOSEPH M. FERRIGNO, II,
MITCHELL R. STEWART, II,
JAMES M. SHEPPARD and
CITY OF ROCHESTER,

                            Defendants.

---

**1. Exhibits and Exhibit List:**

Attached hereto as **Exhibit A** is Plaintiffs' Exhibit List containing those exhibits Plaintiffs anticipate introducing in their direct case. A copy of each of Plaintiff's exhibits will be provided to Defendants' counsel at the pretrial conference.

**2. Exhibit Book:** At the pretrial conference, a copy of Plaintiffs' Exhibit Book will be provided to the Court, Defendants' counsel and for use of witnesses on the stand.

**3. Charts, Demonstrative Evidence and Physical Evidence:** At this time, except for aerial images of the location of the incident, and the items contained in Plaintiffs' Exhibit list attached hereto as **Exhibit A**, Plaintiffs are not aware of any charts, demonstrative evidence and physical evidence which they may use at trial and which will not be offered into evidence. When such materials are prepared, Plaintiffs will make them available for examination and review at least two (2) business days before they are offered in evidence or displayed to the jury.

4. **Expert Testimony:** Plaintiffs intend to call the following expert witnesses at trial:

   a. Michael Levine, Trial Consultant/Expert Witness (Law Enforcement Supervision/Management, Investigation, Use of Force, Internal Affairs, Police Corruption and Misconduct, etc.), P.O. Box 533, Stone Ridge, New York 12484. It is anticipated that Mr. Levine will testify, inter alia, that the Defendant officers used unconstitutional excessive and deadly force against Mr. Warr, that the force used meets the Johnson v. Glick test of malicious and sadistic, that there was a failure of management oversight, officer training and supervision, review of enforcement activities and/or law enforcement management that has enabled systemic abuse of police powers and instances of excessive force. It is also anticipated that Mr. Levine will testify that former Chief Sheppard learned of the violation of Mr. Warr's constitutional rights, failed to remedy the wrong by his exoneration of the Defendant officers and he was grossly negligent in managing his subordinates who caused the unlawful condition or event. It is also anticipated that Mr. Levine will testify that there are sufficient elements of police corruption and abuse of power warranting referral to the appropriate federal authority for criminal investigation;

   b. Clifford J. Ameduri, MD, Rochester Brain & Spine, 2701 Culver Road, Suite C, Rochester, New York 14622. It is anticipated that Dr. Ameduri will testify, inter alia, concerning his review of Mr. Warr's pre and post May 1, 2013 incident medical records, the injuries Mr. Warr suffered as a result of the May 1, 2013 incident, the medical condition and treatment Mr. Warr received pre and post May 1, 2013 incident, the medical treatment he rendered to Mr. Warr concerning the injuries he suffered and continues to suffer as a result if the May 1, 2013 incident and will testify concerning his review and approval of the life care plan prepared by Kenneth Reagles, PhD;

   c. Michael J. Kuttner, PhD, Clinical Psychologist, 448 White Spruce Boulevard, Rochester, New York 14623. It is anticipated that Dr. Kuttner will testify concerning his medical records review and psychological evaluations of Mr. Warr and will opine that Mr. Warr suffers from Post Traumatic Stress Disorder with Dissociative Symptoms which are permanent in nature as a result of the May 1, 2013 incident;

d. Kenneth W. Reagles, PhD, K. W. Reagles & Associates, Vocational, Rehabilitation & Economic Consultation Services, 500 Plum Street, Suite 600, Syracuse, New York 13204-1401. It is anticipated that that Dr. Reagles will testify concerning his pre and post May 1, 2013 incident medical records review of Mr. Warr, the physical and psychological injuries sustained by Mr. Warr in the May 1, 2013 incident and analysis and appraisal of Mr. Warr's lost capacity to perform household work and analysis and appraisal of Mr. Warr's past and future pecuniary economic losses, including Mr. Warr's lost capacity to perform household work and the cost of future health-related goods and services as a direct and causal result of the injuries, disabilities and corresponding functional limitations that were incurred as a result of the alleged incident; and

e. Ronald R. Reiber, PhD, Economics & Finance Department, Canisius College, 2001 Main Street, Buffalo, New York 14208-1098. It is anticipated that Dr. Reiber will testify concerning his forensic economic analysis of Dr. Reagles' life care plan and revised report relating to Mr. Warr's lost capacity to perform household work and the costs of Mr. Warr's future health related goods and services as a result of the injuries he sustained in the May 1, 2013 incident.

5. **Deposition Testimony and Discovery Material:**

The following is an itemized list of deposition testimony with page and line references which Plaintiffs intend to use in their direct case in support of the trial testimony and opinions of Plaintiffs' expert, Michael Levine:

**Capt. Michael Callari Deposition –**

pg. 53, lines 17-25;

**Tache Young Deposition –**

pg. 11, lines 2-25; pg. 12, lines 1-24; pg. 13, lines 1-25; pg. 14, lines 1-25; pg. 15, lines 17-25; pg. 16, lines 1-18; pg. 17, lines 3-15; pg. 18, lines 9-25; pg. 19, lines 1-12; pg. 24, lines 10-25; pg. 25, lines 1-3 and 24-25; pg. 26, lines 1-16; pg. 28, lines 13-25; pg. 29, lines 6-25; pg. 30, lines 1-25; pg. 35, lines 24-25 and pg. 36, lines 1-14;

**Joseph M. Ferrigno, II Deposition –**

pg. 42, lines 19-25; pg. 43, lines 1-2; pg. 51, lines 12-25; pg. 52, lines 1-2; pg. 54, lines 4-14; pg. 66, lines 23-25; pg. 67, lines 1-10; pg. 73, lines 21-25 and pg. 74, lines 21-25; pg. 86, lines 18-25; pg. 87, lines 1-11; pg. 89, lines 6-25; pg. 95, line 25, pg. 96, lines 1-25; pg. 97, line 1 and lines 24-25, pg. 98, lines 1-17; pg. 104, lines 4-25; pg. 105, lines 1-

25, pg. 106, lines 1 and 19-25; pg. 107, lines 1-22; pg. 108, lines 17-25; pg. 109, lines 1-25; pg. 110, lines 1-19 and 21-25; pg. 111, lines 1-4; pg. 112, lines 1-4 and 21-25; pg. 113, lines 1-6; pg. 117, lines 2-12; pg. 118, lines 20-25; pg. 120, lines 12-19; pg. 121, lines 1-25; pg. 132, lines 18-21; pg. 133, lines 7-25; pg. 134, lines 1-13; pg. 140, lines 23-25; pg. 141, lines 1-13; pg. 142, lines 8-25 and pg. 143, lines 1-15;

**Joseph M. Ferrigno, II PSS Testimony –**

pg. 4, lines 12-20; pg. 6, lines 4-17; pg. 7, lines 11-25; pg. 8, lines 1-25; pg. 9, lines 1-25; pg. 10, lines 1-25; pg. 11, lines 2-6; pg. 12, lines 8-20; pg. 15, lines 24-25; pg. 16, line 1 and 8-24; pg. 17, lines 16-25; pg. 18, lines 2-5; pg. 20, lines 22-25; and pg. 32, lines 1-8;

**Derrick Latham Deposition -**

pg. 48, lines 6-11; pg. 13, lines 1-25; pg. 14, lines 1-13; pg. 15, lines 13-24; pg. 17, lines 16-19; pg. 18, lines 21-25; pg. 19, lines 1-25, pg. 20, lines 1-17; pg. 21, lines 15-25; pg. 27, lines 6-16; pg. 28, lines 24-25; pg. 26, lines 6- 23; pg. 29, lines 1-16 and 17-25; pg. 30, lines 1-5; pg. 39, lines 19-25; pg. 40, lines 1-25; pg. 41, lines 1-9;

**Anthony R. Liberatore Deposition –**

Pg. 16, lines 5-25; pg. 17, lines 1-9; pg. 28, lines 23-25; pg. 29, lines 1-9; pg. 31, lines 16-25; pg. 32, lines 1-25; pg. 33, lines 1-25; pg. 39, lines 3-21; pg. 54, lines 2-11; pg. 63, lines 11-20; pg. 65, lines 3-25; pg. 66, lines 1-25; pg. 67, lines 1-18; pg. 68, lines 9-25; pg. 69, lines 1-25; pg. 70, lines 2-6; pg. 71, lines 20-21; pg. 72, lines 1-3; pg. 74, lines 5-18 and 21-25; pg. 75, lines 1-9; pg. 76, lines 1-25; pg. 77, lines 1-25; pg. 78, lines 1-13; pg. 81, lines 10-12 and 20-22; pg. 82, lines 7-25; pg. 83, lines 1-25; pg. 84, lines 1-17 and 25; pg. 85, lines 1-3 and 10-25; pg. 86, line 1; pg. 87, lines 6-20; pg. 93, lines 4-25 and pg. 94, lines 1-6; pg. 100, lines 11-25 and pg. 101, lines 107;

**Anthony R. Liberatore PSS testimony -**

Pg. 3, lines 23-25; pg. 4, lines 1-21; pg. 5, lines 24-25; pg. 6, lines 1-15; pg. 9, lines 3-19; pg. 10 1-19; pg. 11, lines 7-25; pg. 12, lines 1-6, 11-16 and 21-25; pg. 13, lines 1-14 and 20-22; pg. 14, lines 16-24; pg. 15, lines 14-18; pg. 19, lines 10-25; pg. 20, lines 1-7; pg. 21, lines 6-11 and 16-18; pg. 22, lines 20-25; pg. 23, lines 1-8 and 13-16;

**Mitchell R. Stewart, II Deposition –**

Pg. 36, lines 19-25; pg. 37, lines 1-12; pg. 57, lines 21-25, pg. 58, lines 1-4; pg. 64, lines 1-14 and 16-25; pg. 74, lines 8-18; pg. 75, lines 7-24; pg. 83, lines 9-19; pg. 84, lines 5-13 and 16-22; pg. 88, lines 17-25; pg. 89, lines 1-25, pg. 90, lines 1-25; pg. 91, lines 1-25;  pg. 98, lines 20-25; pg. 99, lines 1-5 and 18-25; pg. 100, lines 1-25; pg. 117, lines

2-13; pg. 121, lines 21-25; pg. 122, lines 1-12; pg. 124, lines 3-25; pg. 125, lines 1-12 and pg. 134, lines 3-15;

**Mitchell R. Stewart, II PSS testimony –**

pg. 6, lines 17-25; pg. 7 lines 1-25; pg. 8, lines 1-7; pg. 15, lines 2-5 and pg. 17, lines 3-12;

**James M. Sheppard Deposition –**

pg. 19, lines 14-18; pg. 20, lines 14-21; pg. 40, lines 11-16; pg. 41 lines 23-25; pg. 131 lines 3-17; pg. 31, lines 16-20; pg. 31, lines 21-24; pg. 120, line 25; pg. 121, lines 1-11; pg. 16, lines 15-17; pg. 113 8-15; pg. 70, lines 2-9; pg. 71, lines, 2-9; pg. 72, lines 17-25; pg. 106, lines 9-11; pg. 136, lines 17-19; pg. 107, lines 14-18; pg. 54, lines 3-15; pg. 59, lines 6-17; pg. 61, lines 5-18; pg. 61, lines 19-23; pg. 93, lines 2-6;  pg. 125, lines 19-25; pg.128, lines 23-25; pg. 129, lines 1-6

**Mary Adams Deposition –**

pg. 11, lines 2-23; pg. 13, lines 24-25; pg. 14, lines 1-25; pg. 15, lines 1-16; pg. 16, lines 7-25; pg. 17, lines 1-23; pg. 19, lines 5-25; pg. 22, lines 3-25; pg. 23, lines 1-9; pg. 30, lines 22-25; pg. 31, lines 1-25 and pg. 32, lines 1-5;

The following is an itemized list of deposition testimony with page and line references which Plaintiffs intend to use in their direct case:

**Joseph M. Ferrigno, II Deposition –**

pg. 19, lines 6-8; pg. 23, line 25; pg. 24, lines 2-20; pg. 25, lines 8-14; pg. 26, lines 20-23; pg. 27, lines 16-23; pg. 32, lines 8-13; pg. 33, lines 17-25; pg. 34, lines 2-25; pg. 35, lines 2-11; pg. 39, lines 3-7; and 17-25; pg. 40, lines 2-25; pg. 41, lines 2-3; pg. 43, lines 3-6 and 23-25; pg. 44, lines 2-3 and 23-25; pg. 45, lines 2-5 and 16-25; pg. 49, lines 6-11; pg. 67, lines 11-25; pg. 68, lines 2-20; pg. 85, lines 23-25; pg. 86, lines 2-25; pg. 87, lines 2-25; pg. 88, lines 2-5; pg. 97, lines 13-23; pg. 101, lines 4-16; pg. 108, lines 5-8; pg. 111, lines 24-25; pg. 112, lines 2-9; pg. 118, line 25; pg. 119, lines 2-6; pg. 123, lines 13-15; pg. 125, lines 3-25; pg. 126, lines 2-18; pg. 128, lines 14-19; pg. 129, lines 22-25; pg. 130, lines 2-6; pg. 131, lines 8-13 and 18-25; pg. 132, lines 2-10; pg. 135, lines 24-25; pg. 136, lines 2-6 and 18-25; pg. 137, lines 2-6;

**Joseph M. Ferrigno, II PSS Testimony –**

pg. 3, line 25; pg. 4, lines 1-11; pg. 11, lines 15-25; pg. 12, lines 1-25; pg. 13, lines 1-8; pg. 14, lines 11-25; pg. 15, lines 1-18; pg. 16, lines 2-4; pg. 18, lines 6-11; pg. 22, lines 14-25; pg. 23, lines 1-3; pg. 26, lines 13-20;

**Anthony R. Liberatore Deposition –**

pg. pg. 11, lines 6-25; pg. 12, lines 6-12; pg. 15, lines 23-25; pg. 16, lines 2-25; pg. 17, lines 2-15; pg. 24, lines 19-25; pg. 25, lines 2-16; pg. 26, lines 10-25; pg. 27, line 2; pg. 28, lines 23-25; pg. 29, lines 2-12; pg. 39, lines 16-24; pg. 40, lines 9-13; pg. 46, lines 2-22; pg. 63, lines 3-25; pg. 68, lines 6-8 and 20-25; pg. 69, lines 2-12 and 19-25; pg. 70, lines 2-3, 18-21 and 25; pg. 71, lines 2-3; pg. 76, lines 12-25; pg. 77, lines 2-24; pg. 82, lines 7-22;

**Anthony R. Liberatore PSS testimony -**

pg. 8, lines 6-12; pg. 23, lines 9-12;

**Mitchell R. Stewart, II Deposition –**

pg. 13, lines 13-20; pg. 49, lines 24-25; pg. 50, lines 2-3; pg. 56, lines 14-16; pg. 58, lines 18-22; pg. 75, lines 4-6; pg. 84, lines 14-22; pg. pg. 105, lines 4-7; pg. 106, lines 13-24; pg. 113, lines 9-15; pg. 131, lines 20-23; pg. 136, lines 6-8;

**Mitchell R. Stewart, II PSS testimony –**

pg. 6, lines 17-25; pg. 7, lines 1-3;

**Capt. Michael Callari Deposition –**

pg. 5, lines 8-17; pg. 6, lines 19-25; pg. 7, lines 2-12; pg. 9, lines 15-22; pg. 18, lines 8-15; pg. 20, lines 4-17; pg. 21, lines 4-25; pg. 22, lines 2-19; pg. 23, lines 21-25; pg. 24, lines 2-5 and 21-25; pg. 25, lines 2-7; pg. 29, lines 11-24; pg. 39, lines 20-25; pg. 40, lines 2-8 and 19-25; pg. 41, lines 2-7 and 23-25; pg. 42, lines 2-8 and 23-25; pg. 43, line 2 and lines 8-25; pg. 44, lines 2-25; pg. 45, lines 2-17; pg. 46, lines 8-25; pg. 47, lines 2-25; pg. 48, lines 2-4; pg. 71, lines 12-16; pg. 77, lines 4-13; pg. 111, lines 13-17; pg. 114, lines 7-13 and pg. 123, lines 13-23.

### 6. Damages:

Plaintiff Benny T. Warr claims an unliquidated sum in damages for the cost of his past, present and future medical care, supplies and health related goods and services, lost capacity to perform household work, loss of enjoyment of life, permanency of his injuries, aggravation and/or activation of pre-existing condition or latent disease, past, present and future loss of function, probability of future complications, increased likelihood of illness or disability, including post traumatic arthritis, fear of future complications, past, present and future physical pain and suffering, past, present and future mental and emotional distress, post traumatic stress disorder, emotional pain and suffering, impairment of reputation, personal humiliation, punitive damages against the individual defendants and attorney fees (42 USC §1988).

Plaintiff Nina M. Warr claims an unliquidated sum in damages for the loss of her husband's society, companionship, affection and services from the date of the May 1, 2013 incident and continuing. Plaintiff Nina M. Warr had to take on additional duties around the home that had been previously performed by her husband, had to minister to her husband on a daily basis concerning his injuries and incapabilities flowing from the incident and is still unable to share and participate in activities with her husband which they had previously done together prior to her husband's injuries. Plaintiff Nina M. Warr also seeks punitive damages against the individual defendants.

As for the above damages, it will be the function of the jury to determine what amount to award in each category of damages.

## 7. Legal and Evidentiary Issues:

Pursuant to Judge Elizabeth A. Wolford's summary judgment Decision and Order, dated September 5, 2017, the issues of law involved in this case involve claims for (1) false arrest against Defendants Ferrigno, Liberatore and Stewart; (2) excessive use of force against Defendants Ferrigno, Liberatore and Stewart; (3) supervisory liability against Defendant Sheppard; (4) assault against Defendants Ferrigno, Liberatore, Stewart and City of Rochester; (5) battery against Defendants Ferrigno, Liberatore, Stewart and City of Rochester and (6) loss of consortium against all Defendants.

As for evidentiary issues, Plaintiffs are requesting Defendants to stipulate into evidence the relevant portion of the Blue Light Camera footage from the time the Defendant officers arrived on scene until Plaintiff was transported away by ambulance, photographs of the incident scene, the cell phone video footage from Tache Young and Colberdee Colbert, along with the incident reports, informations and supporting depositions of the Defendant officers concerning Plaintiff's arrest. Plaintiffs are requesting that Defendants agree to stipulate into evidence Plaintiff's redacted medical records, the deposition testimony and materials referred to by Plaintiff's expert Michael Levine and those items contained in Plaintiff's exhibit list attached hereto as **Exhibit A**. The undersigned would like to discuss this matter further at the pre-trial conference to identify all evidence which may be stipulated into evidence.

Plaintiffs are requesting that the Court preclude Defendants from raising and mentioning at trial Plaintiff Benny Warr's criminal history and drug use history. We are requesting that Defendants agree to stipulate that Plaintiff may offer Plaintiff's redacted

8

and uncertified medical records into evidence which will omit references to illegal drug use and/or criminal history. Plaintiffs are also requesting that the Court preclude Defendants from raising and mentioning witness Derrick Latham's criminal history. The undersigned wishes to discuss the criminal history reports for Plaintiff Benny Warr and Derrick Latham at the pre-trial conference and whether Defendants will stipulate to refrain from raising their criminal histories at trial. If necessary, Plaintiffs will file a formal motion in limine if directed by the Court.

Plaintiffs reserve their right to raise additional legal and evidentiary issues at the pretrial conference or as soon as they become evident.

Dated: December 12, 2018

Respectfully submitted,

BURKWIT LAW FIRM, PLLC

s/Charles F. Burkwit, Esq.
By: Charles F. Burkwit, Esq.
Attorneys for Plaintiffs Benny T. Warr
and Nina M. Warr
16 East Main Street, Suite 450
Rochester, New York 14614
(585) 546-1588
burkwitesq@aol.com

TO: TIMOTHY R. CURTIN, Corporation Counsel
City of Rochester Department of Law
Spencer L. Ash, Esq., of counsel
Attorneys for Defendants
City Hall Room 400A, 30 Church Street
Rochester, New York 14614-7741
(585) 428-6699
AshS@cityofrochester.gov