UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BENNY T. WARR and NINA M. WARR,

                Plaintiffs,

    v.

ANTHONY R. LIBERATORE, et al.,

                Defendants.
_____

ORDER

13-CV-6508P

Plaintiffs in the above-captioned matter filed a motion in limine (Docket # 127) seeking to preclude the following evidence: (1) testimony from Sergeants Andrew J. McPherson and Lazlo Tordai; (2) testimony from Sherman Hardy; (3) testimony or evidence concerning plaintiff Benny Warr's substance abuse history; (4) testimony or evidence concerning plaintiff Benny Warr's criminal history; (5) testimony or evidence concerning witness Derrick Latham's criminal history; (6) testimony or evidence concerning calls for police service on Jefferson Avenue; (7) footage of the blue light camera video and still photos of plaintiff Benny Warr prior to 8:04 p.m. on May 1, 2013; and (8) certain references in the medical records and other exhibits. Defendants filed a motion in limine (Docket # 126) seeking (1) to dismiss plaintiffs' claim for unlawful arrest; (2) dismissal of the claim against defendant James Sheppard; (3) permission to present evidence of plaintiff Benny Warr's pre-arrest activity depicted on blue light footage; (4) permission to present evidence of the criminal history of the 500 Block of Jefferson Avenue, including the testimony of Sherman Hardy; (5) permission to present evidence of plaintiff Benny Warr's criminal history; (6) permission to present evidence of plaintiff Benny Warr's substance abuse history; (7) preclusion of testimony or evidence concerning prior complaints against

defendants Joseph Ferrigno and Anthony Liberatore; (8) preclusion of testimony from Barbara Lacker-Ware; (9) preclusion of testimony from Michael Levine; (10) preclusion of testimony from Dr. Kenneth Reagles; (11) preclusion of testimony from Dr. Clifford Ameduri; and (12) preclusion of testimony from Dr. Michael Kuttner. Oral argument was heard by this Court on January 10, 2019, January 11, 2019, and January 17, 2019. An evidentiary hearing was also conducted on January 17, 2019.

For the reasons discussed more fully on the record on January 10, 11, and 17, 2019, plaintiffs' motion in limine (**Docket # 127**) is **GRANTED in PART and DENIED in PART**. Specifically, the Court rules as follows:

(1) Sergeants Andrew J. McPherson and Lazlo Tordai are precluded from testifying unless plaintiffs open the door to such testimony through other evidence at trial;

(2) Sherman Hardy is precluded from testifying unless plaintiffs open the door to such testimony through other evidence at trial;

(3) Testimony or evidence concerning plaintiff Benny Warr's substance abuse history is permitted solely on the issue of causation of claimed cognitive injuries and damages for claimed cognitive injuries, PTSD and emotional distress; a limiting instruction will be given to the jury; defendants are precluded from offering or eliciting drug use evidence for any other purpose without a prior ruling from the Court;

(4) Testimony or evidence concerning plaintiff Benny Warr's criminal history is limited to evidence of (1) Mr. Warr's single felony conviction for Aggravated Unlicensed Operation of a Motor Vehicle in the First degree and (2) Mr. Warr's prior arrest history and interactions with law enforcement (the date of the arrest, but not the crime for which he was arrested, or whether he was convicted or served time in jail);

(5) Testimony or evidence relating to witness Derrick Latham's prior criminal or substance abuse history is limited to evidence that he was convicted of a felony within the past ten years, and the date of the conviction, but not the specifics of the charge;

(6) Testimony or evidence concerning calls for police service on Jefferson Avenue is limited to the information that was within the arresting

       defendants' knowledge at the time of the May 1, 2013 incident, as well as testimony or evidence concerning the Clearing the Block policy solely as it pertains to the alleged purpose of the arresting defendants' actions that day, but not as evidence of Mr. Warr's character or his involvement with or propensity to engage in criminal or vice activity;

(7) Defendants are precluded from offering video evidence depicting plaintiff Benny Warr's May 1, 2013, activity before the defendants arrived on scene unless plaintiffs open the door to such testimony; to the extent defendants wish to introduce a still photograph depicting Mr. Warr standing, they must request permission from the Court outside the presence of the jury, explain the relevance at the time of the request, and obtain a ruling in advance;

(8) The medical records and exhibits may be redacted to exclude references to tickets, incarcerations of Mr. Warr or his son, and Mr. Warr's alleged association with gang members, substance abusers, or vice activity.

For the reasons discussed more fully on the record on January 10, 11, and 17, 2019, defendants' motion in limine (**Docket # 126**) is **GRANTED in PART and DENIED in PART**. Specifically, the Court rules as follows:

(1) Defendants' motion to dismiss plaintiffs' claim for false arrest is denied;

(2) Defendants' motion to dismiss the claim against James Sheppard is denied;

(3) Defendants are precluded from offering video evidence depicting plaintiff Benny Warr's May 1, 2013, activity before the defendants arrived on scene unless plaintiffs open the door to such testimony; to the extent defendants wish to introduce a still photograph depicting Mr. Warr standing, they must request permission from the Court outside the presence of the jury, explain the relevance at the time of the request, and obtain a ruling in advance;

(4) Testimony or evidence concerning the history of vice activity on Jefferson Avenue is limited to information within the arresting defendants' knowledge at the time of the May 1, 2013 incident, as well as testimony or evidence concerning the Clearing the Block policy solely as it pertains to the alleged purpose of the arresting defendants' actions that day, but not as evidence of Mr. Warr's character or his involvement with or propensity to engage in criminal or vice activity; testimony from Sherman Hardy is precluded unless plaintiffs open the door to such testimony through other evidence at trial;

(5) Testimony or evidence concerning plaintiff Benny Warr's criminal history is limited to evidence of (1) Mr. Warr's single felony conviction for

        Aggravated Unlicensed Operation of a Motor Vehicle in the First degree and (2) Mr. Warr's prior arrest history and interactions with law enforcement (the date of the arrest, but not the crime for which he was arrested, or whether he was convicted or served time in jail);

(6) Testimony or evidence concerning plaintiff Benny Warr's substance abuse history is permitted solely on the issue of causation of claimed cognitive injuries and damages for claimed cognitive injuries, PTSD and emotional distress; a limiting instruction will be given to the jury; defendants are precluded from offering or eliciting drug use evidence for any other purpose without a prior ruling from the Court;

(7) Plaintiffs are precluded from questioning Joseph Ferrigno, Anthony Liberatore and Mitchell Stewart concerning prior complaints (including the number of complaints) made against them; with respect only to the jury's evaluation of plaintiffs' claim against defendant Sheppard, testimony relating to the Concise Officer History Reports reviewed by James Sheppard, with the redactions agreed upon by the parties, may be elicited, as well as Sheppard's knowledge of the number of previous complaints filed against those officers; an appropriate limiting instruction will be given; the Court reserves on plaintiffs' request to question Sheppard about the specific conduct alleged in prior complaints;

(8) Defendants' motion to preclude the testimony of Barbara Lacker-Ware is denied as premature as plaintiffs have not yet decided whether they wish to offer her testimony;

(9) Plaintiffs will be permitted to offer the testimony of Michael Levine in accordance with the guidance provided by the Court during the proceedings; Mr. Levine is precluded from offering any legal opinions or invading the province of the jury; defendants may voir dire Mr. Levine outside the presence of the jury concerning his knowledge of local law enforcement policies and procedures; the Court reserves the question whether the jury should be instructed on the use of deadly force;

(10) Plaintiffs will be permitted to offer the testimony of Dr. Kenneth Reagles in accordance with the guidance provided by the Court during the proceedings, Mr. Reagles must establish his qualifications to offer opinions about psychiatric injuries and/or damages;

(11) Plaintiffs will be permitted to offer the testimony of Dr. Clifford Ameduri in accordance with the guidance provided by the Court during the proceedings, Mr. Ameduri is precluded from offering opinions concerning psychiatric injuries and/or damages;

(12) Plaintiffs will be permitted to offer the testimony of Dr. Michael Kuttner in accordance with the guidance provided by the Court during the proceedings.

**IT IS SO ORDERED.**

_Marian W Payson_
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
January 18, 2019