UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BENNY T. WARR and NINA M. WARR,

                    Plaintiffs,

         v.

ANTHONY R. LIBERATORE, et al.,

                    Defendants.
_____

**DECISION & ORDER**

13-CV-6508P

        Following a two-week jury trial, plaintiffs Benny Warr and Nina Warr, and the one defendant the jury found liable, Anthony R. Liberatore, filed post-trial motions. (Docket ## 153, 158). This decision addresses only the motion filed by plaintiffs to set aside the verdict, grant a new trial, and impose sanctions. (*See* Docket # 158).

        Plaintiffs' application is premised on two grounds: first, that defendants' counsel engaged in deliberate misconduct prejudicial to plaintiffs' right to a fair trial; and, second that the jury's verdict awarding no compensatory or punitive damages was inconsistent and against the weight of the evidence. (Docket # 158-5 at 1-12). Plaintiffs' motion is based upon counsel's recollection and/or notes of testimony, evidence, and arguments presented to the jury. It is not supported by any citations to the trial record. In order to fairly and properly consider the challenges plaintiffs advance, particularly in view of the nature of them, this Court needs to review the specific testimony of the witnesses, arguments of counsel, and relevant limiting or curative instructions upon which the challenges are based.[1] Accordingly, plaintiffs are directed

---

[1] Indeed, the Court's briefing schedule for post-trial motions indicated that such motions should be "supported by references to the evidentiary record where appropriate." (Docket # 150).

to supplement their post-trial motions with an amended affidavit and memorandum of law supported by specific citations to the trial record and accompanied by the trial transcript.

Plaintiffs' motion for a new trial is based on particular identified incidents of alleged misconduct by opposing counsel, as well as on other unspecified conduct. As to the identified misconduct, plaintiffs rely on counsel's (1) publication to the jury of a medical record containing a notation reflecting that Warr had previously been incarcerated, which the Court had earlier ruled should have been redacted; (2) publication to the jury of a portion of the "Blue Light" camera footage depicting Warr in the vicinity of his arrest hours earlier than it occurred, which the Court also ruled should be excluded; (3) assertions during opening statements that the defendant officers "were in the trenches" and characterizations of individuals on the sidewalk as criminals and drug dealers; (4) evidence of Warr's prior substance abuse history presented in a manner that "grossly abused" the Court's ruling regarding the purpose for which such evidence was admitted; (5) various statements by counsel during closing argument, including that Warr and two of his witnesses staged the incident to set up the officers on video, that the report of one of plaintiffs' experts had been excluded because it was "awful," and that one of his physicians was "down the line of doctors." (Docket # 158-1 at ¶¶ 39-58, 60). As to the unspecified conduct, plaintiffs allege:

> During the trial of this action, [d]efendants' counsel consistently asked inflammatory leading questions, attacked the reputation and credibility of [p]laintiff and [p]laintiffs' witnesses, misstated facts, required [plaintiffs' counsel] to make countless objections and required the Court to give curative instructions during the course of the trial due to his remarks.
>
> Despite this Court's curative instructions, the damage had been done and [p]laintiffs could not receive a fair trial with the attorney misconduct which had occurred.

(*Id.* at ¶ 57; Docket # 158-5 at 8).

Generally speaking, a Rule 59 motion grounded in challenges to trial conduct and/or rulings must be supported by specific references to the trial transcript. *See*, *e.g.*, *Ayala v. Rosales*, 2015 WL 4127915, *1 (N.D. Ill. 2015) (plaintiff's "failure to provide all of the necessary record citations makes it impossible for this [c]ourt to properly address his claims of error," and thus "any arguments lacking necessary record support are, in the first instance, denied as waived"); *Ratliff v. City of Chicago*, 2013 WL 3388745, *1 (N.D. Ill. 2013) ("to the extent that citation to the record would be necessary to support a position, [d]efendants' failure to cite to the trial record or the pretrial conference record will not be excused"); *Parr v. Nicholls State Univ.*, 2012 WL 1032905, *3 (E.D. La. 2012) (denying motion for new trial; "without the benefit of citation to the trial transcript, the [c]ourt has no basis for determining that any error occurred"); *Terranova v. Torres*, 2010 WL 11507383, *4 (S.D.N.Y. 2010) ("declin[ing] to grant" plaintiffs' motion for new trial based upon challenged evidentiary rulings where plaintiff failed to "cite pertinent sections of the trial transcript so as to identify the particular evidentiary rulings to which he refers, and [did] not provide any legal support for his arguments"), *aff'd sub nom. Terranova v. New York*, 676 F.3d 305 (2d Cir.), *cert. denied*, 568 U.S. 886 (2012); *Warren v. Thompson*, 224 F.R.D. 236, 239 n.7 (D.D.C. 2004) ("[a] trial court is not required to parse through transcripts in an effort to identify the grounds of a post-trial motion") (quotation omitted), *aff'd sub nom. Warren v. Leavitt*, 264 F. App'x 9 (D.C. Cir. 2008). Indeed, the cases upon which plaintiffs principally rely in their memorandum as support for their position that a new trial is justified (*see* Docket # 158-5 at 2-5) all contain trial record citations or excerpts of the testimony or rulings at issue. *See*, *e.g.*, *Fineman v. Armstrong World Indus., Inc.*, 980 F.2d 171 (3d Cir. 1992), *cert. denied*, 507 U.S. 921 (1993); *Pappas v. Middle Earth Condo. Ass'n*,

963 F.2d 534 (2d Cir. 1992); *Draper v. Airco, Inc.*, 580 F.2d 91 (3d Cir. 1978); *Koufakis v. Carvel*, 425 F.2d 892 (2d Cir. 1970).

This Court does not need the benefit of a trial transcript to determine that defendants' counsel's conduct at trial violated, on at least several occasions, this Court's pretrial rulings articulated both orally and in writing. Counsel's display to the jury on the projector of a document containing material that was ordered redacted contravened the Court's pretrial rulings. So, too, did his publication of a portion of the Blue Light camera footage that had been ruled inadmissible. Although this Court could evaluate that particular conduct and determine whether those violations, standing alone, justify setting aside the verdict and ordering a new trial, plaintiffs' motion asserts that those violations occurred and should be considered in the context of an entire course of conduct at trial that plaintiffs characterize as inflammatory, prejudicial, deliberate, and undertaken in bad faith. Although plaintiffs have identified in their motion papers various alleged comments and questions by defendants' counsel, this Court cannot determine from review of the motion papers the context in which the comments were made, their frequency, whether an objection was interposed or curative instructions given, the language of any curative instructions given – let alone whether plaintiffs' counsel's recollection or notes of the alleged comments, questions, testimony, or conduct is indeed accurate. All of these considerations are plainly relevant to the Court's assessment of the scope and significance of the alleged misconduct and whether such alleged misconduct deprived plaintiffs of a fair trial and justifies disqualification of defendants' counsel at any new trial. *See, e.g., Pappas v. Middle Earth Condo. Ass'n*, 963 F.2d at 539-40; *Hopson v. Riverbay Corp.*, 190 F.R.D. 114, 122 (S.D.N.Y. 1999) ("[i]n reviewing counsel's misconduct for prejudicial effect, the [c]ourt must consider the totality of the circumstances[,] including the nature of the comments, their

4

frequency, their possible relevance to the real issue before the jury, [and] the manner in which the parties and the court treated the comments") (internal quotation omitted); *accord*, *e.g.*, *Claudio v. Mattituck-Cutchogue Union Free Sch. Dist.*, 955 F. Supp. 2d 118, 158-60 (E.D.N.Y. 2013); *Martin v. Moscowitz*, 448 F. Supp. 2d 374, 379-80 (N.D.N.Y. 2006).

Plaintiffs also contend that they are entitled to a new trial because the verdict was inconsistent and against the weight of the evidence. (Docket # 158-5 at 9-12). The gist of their argument is that the jury's determination to award no compensatory or punitive damages was inconsistent with their determination that Liberatore was liable on Warr's claim of excessive use of force under 42 U.S.C. § 1983 and that punitive damages should be awarded against him on that claim, as well as contrary to the weight of the evidence. (*Id.*). Warr maintains, *inter alia*, that the undisputed and extensive expert testimony at trial established that he suffered compensable injuries that were proximately caused by "[t]he excessive force used against [him]." (*Id.* at 10). Plaintiffs' motion, while summarizing in very conclusory terms testimony given by four expert medical witnesses, does not cite to the trial transcript or any excerpts of their trial testimony. Plaintiffs correctly characterize their testimony as extensive; their characterization of certain of the testimony as undisputed, however, cannot be accepted by this Court without evaluation and comparison of the witnesses' specific testimony as it relates to Warr's numerous claimed injuries. Without the transcript and citation to the testimony upon which plaintiffs rely, the Court is unable to make such an assessment. *See*, *e.g.*, *Minjarez v. Wal-Mart Stores Texas, LLC*, 2019 WL 2298701, *1 (W.D. Tex. 2019) (noting that court had ordered plaintiff to file supplemental brief concerning her argument that "because she presented 'uncontroverted evidence of an objective injury' at trial, the jury's zero damages award for past pain [was] manifestly unjust and against the great weight of the evidence warranting a new trial";

5

"[s]pecifically, the [c]ourt instructed [plaintiff] to cite to the specific portions of the trial transcript that support[ed] her argument"); *see also Bumpers v. Austal U.S., LLC*, 2015 WL 13664949, *2 (S.D. Ala. 2015) (denying plaintiffs' motions for a new trial based on the argument that "the jury's verdicts were against the weight of the evidence and that prejudicial errors were committed during trial"; "[a]s an initial matter, [p]laintiffs' motions are noticeably barren . . . [;] [t]o the extent [p]laintiffs wished to argue any particular objections as grounds for a new trial, they should have done so specifically in their motions with citations to the record in support"); *Quad/Graphics, Inc. v. One2One Commc'ns LLC*, 2012 WL 2370681, *12 (E.D. Wis. 2012) ("defendants first argue that there is insufficient evidence to support a jury's finding of the requisite intent for an award of punitive damages[;] . . . [h]owever, while detailing evidence to support their position – which is really just a re-arguing of how a jury should have interpreted the facts – they once again fail to make any citation to the record[;] [i]t is not the court's job to present a party's argument for it, and in fact this was exactly why the court required the parties to file and then cite to the trial transcript[;] [defendants] have failed to support this argument in any manner"), *aff'd*, 529 F. App'x 784 (7th Cir. 2013). The need for careful consideration of the expert medical testimony is underscored by the fact that the jury found the other defendants, including defendant Joseph Ferrigno, II, who administered knee thrusts to Warr's torso, not liable for excessive force or on any of plaintiffs' other causes of action.

Accordingly, on the record before the Court, plaintiffs are ordered to supplement their post-trial motion with an amended affidavit and memorandum of law supported by specific citations to the trial record and accompanied by the trial transcript. *See Kendel v. Local 17-A United Food and Commercial Workers*, 2012 WL 776930, *2 (N.D. Ohio 2012) ("the [c]ourt concluded that it could not determine the merits of [plaintiff's] arguments without the transcript

[and thus] . . . ordered [plaintiff] to order an official copy of the transcript and upon filing of the official transcript to file amended motions with specific transcript citations to support her arguments"), *aff'd*, 512 F. App'x 472 (6th Cir. 2013).  Plaintiffs' supplemental papers and trial transcript must be filed by no later than **September 20, 2019**.

**IT IS SO ORDERED.**

                                            *s/Marian W. Payson*
                                            MARIAN W. PAYSON
                                          United States Magistrate Judge

Dated: Rochester, New York
       July 22, 2019