UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

BENNY T. WARR and NINA M. WARR,

                Plaintiffs,

     v.

ANTHONY R. LIBERATORE, et. al,

                Defendants.
_____

DECISION & ORDER

13-CV-6508MWP

        In early 2019, this Court conducted a jury trial that resulted in judgment in favor of plaintiff Benny T. Warr against defendant Anthony R. Liberatore and judgments in favor of defendants James Sheppard, Joseph M. Ferrigno, III, and Mitchell R. Stewart, and the City of Rochester. (Docket ## 144, 149, 183). Warr was awarded $1.00 in nominal damages on his Section 1983 excessive force claim against Liberatore. (Docket # 183). On February 26, 2019, defendants submitted a bill of costs seeking reimbursement of $30,063.70 in costs. (Docket # 156).

        Following the trial, plaintiffs moved for a new trial and to set aside the verdict and for sanctions. (Docket ## 158, 170). On March 30, 2020, this Court issued an Amended Decision and Order denying the motion for a new trial and to set aside the verdict but granting in part the motion for sanctions. (Docket # 179). Familiarity with the prior Amended Decision and Order is assumed. In that decision, I determined that monetary sanctions were warranted because plaintiffs had demonstrated that during trial defendants' counsel had engaged in "repeated misconduct . . . evidencing a reckless disregard for this Court's rulings." (*Id.* at 48). Accordingly, defendants' counsel was ordered to "reimburse those fees and costs incurred by

plaintiffs' counsel in researching, preparing and filing plaintiffs' post-trial submissions . . . [,] including the costs of ordering the transcript." (*Id.* at 48). I further directed that in the event the parties were unable to stipulate to the amount owed, plaintiffs' counsel should file an affidavit outlining those fees and costs, with supporting documentation. (*Id.* at 49-50). Plaintiffs appealed this Court's denial of their motion for a new trial, but neither party appealed this Court's determination that sanctions were warranted. (Docket # 199). On April 19, 2021, the Second Circuit affirmed the judgments entered by this Court. (*Id.*).

On April 17, 2020, plaintiffs' counsel submitted an affidavit with attached supporting documentation seeking $28,507.50 in fees and $6,033.45 for the costs of ordering the trial transcript. (Docket # 184). At this time, the only issues pending before the Court are defendants' bill of costs and plaintiffs' application for fees.

I.      **Bill of Costs**

Defendants seek reimbursement of their costs in the amount of $30,063.70 pursuant to Rule 68 of the Federal Rule of Civil Procedure. According to defendants, on April 28, 2015, defendants served plaintiffs with an offer of judgment in the amount of $35,000. (Docket ## 156 at ¶ 5; 156-3). Plaintiffs did not accept the offer of judgment and ultimately obtained a verdict against defendant Liberatore in the amount of $1.00. (Docket # 156 at ¶¶ 6, 9). Defendants maintain that they are entitled to reimbursement of the costs they incurred subsequent to service of the unaccepted offer of judgment, which they assert consist of $2,818.50 for deposition transcripts, $26,770 in expert witness fees, and $475.20 for demonstrative exhibits used at trial. *Id.* at ¶¶ 12-14).

>Rule 68 provides:
>
>At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.
>
>An unaccepted offer is considered withdrawn, but it does not preclude a later offer. Evidence of an unaccepted offer is not admissible except in a proceeding to determine costs.
>
>If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

Fed.R.Civ.P. 68(a)-(b), (d). "The purpose of Rule 68 is to encourage settlement and avoid litigation." *Van Echaute v. Law Office of Thomas Landis, Esq.*, 2011 WL 1302195, *1 (N.D.N.Y. 2011). Rule 68 is a cost-shifting provision, which "in essence shifts the risk of going forward with a lawsuit to the [plaintiff], who becomes exposed to the prospect of being saddled with the substantial expense of trial." *Christian v. R. Wood Motors, Inc.*, 1995 WL 238981, *4 (N.D.N.Y. 1995) (quoting *Mallory v. Eyrich*, 922 F.2d 1273, 1278 (6th Cir. 1991)).

Plaintiffs oppose defendants' bill of costs on the grounds that it is premature because at the time it was filed a judgment had not yet been entered in plaintiffs' favor. (Docket # 163 at 3-4). They also contend that defendants are not entitled to recover post-offer costs because the offer of judgment was not made in good faith. (*Id.* at 4-5). Finally, plaintiffs maintain that, in the event costs are awarded, defendants are not entitled to recover expert fees in excess of the statutory daily attendance fee for witnesses. (*Id.*).

With respect to timing, I agree with plaintiffs that defendants' request for reimbursement of costs was premature at the time it was filed because judgment had not yet been

entered in plaintiffs' favor. *See Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981) ("["Rule 68] applies only to offers made by the defendant and only to judgments obtained by the plaintiff[;] [i]t therefore is simply inapplicable to this case because it was the defendant that obtained the judgment"); *Sparaco v. Lawler, Matusky & Skelly*, 201 F.R.D. 335, 336 (S.D.N.Y. 2001) ("defendants cannot rely on Rule 68 to recover costs and attorneys' fees because [it] does not by its terms apply to situations in which the defendant prevails altogether – that is, where the claims against the offering defendants are dismissed entirely"). Nevertheless, judgment has now been entered in Warr's favor against Liberatore (Docket # 183), and I conclude that defendants' request for reimbursement of their costs is now ripe for determination.

I turn next to Warr's conclusory assertion that the $35,000 offer of judgment by defendants was insufficient to trigger the cost-shifting provisions of Rule 68 considering the "significant injuries and damages" alleged by Warr. (Docket # 163 at 4). Even if Rule 68 could be read to impose a reasonableness requirement – a contention not supported by the caselaw upon which plaintiff relies, *see Delta Air Lines, Inc. v. August*, 450 U.S. at 355 ("the plain language of [Rule 68] makes it unnecessary to read a reasonableness requirement into the Rule[;] [a] literal interpretation totally avoids the problem of sham offers, because such an offer will serve no purpose, and a defendant will be encouraged to make only realistic settlement offers") – plaintiff has not suggested any basis upon which to conclude that defendants' offer was made in bad faith. The simple facts that four of the five defendants obtained judgment in their favor dismissing plaintiffs' claims and that Warr was awarded only nominal damages on his successful claim against the remaining individual defendant belie plaintiffs' contention that the offer was so unreasonable as to amount to bad faith. *See Ciraolo v. City of New York*, 2000 WL 1521180, *2 (S.D.N.Y. 2000) ("[h]ere, [d]efendants offered [p]laintiff a pre-trial Rule 68 offer of judgment in

4

the amount of $25,001, . . . [and] [p]laintiff ultimately recovered a judgment of $19,645, an amount less than the pre-trial offer of judgment[;] [n]o allegations have been made that [d]efendants' offer was not made in good faith, and the . . . amount arguably warranted serious consideration by [p]laintiff"). Indeed, in upholding the judgment awarding nominal damages, the Second Circuit observed that the "verdict was well supported by the weakness of the evidence that Warr suffered from any acute injuries following his arrest."  (Docket # 199 at 9).

Finally I turn to question of which costs are properly reimbursable under Rule 68. As noted above, defendants maintain that they are entitled to be reimbursed $2,818.50 in deposition costs, $475.20 for demonstrative exhibits used at trial, and $26,770 for expert witness fees.  (Docket # 156 at ¶¶ 12-14).  I address each of these requests below.

Rule 68 requires a prevailing plaintiff to pay a defendant's post-offer costs if the plaintiff's judgment is less favorable than the unaccepted offer.  *See Stanczyk v. City of New York*, 752 F.3d 273, 281 (2d Cir. 2014).  The term "costs" within the meaning of Rule 68 "was intended to refer to all costs properly awardable under the relevant substantive statute or other authority," *id.* (quoting *Marek v. Chesny*, 473 U.S. 1, 9 (1985)), including any costs recoverable pursuant to Rule 54, *Boisson v. Banian Ltd.*, 221 F.R.D. 378, 380 (E.D.N.Y. 2004).  "The term 'costs,' as used in Rule 54, includes only the specific items enumerated in 28 U.S.C. § 1920," which sets forth six general categories of taxable costs.  *Chain v. N.E. Freightways, Inc.*, 2021 WL 1611953, *1-2 (S.D.N.Y. 2021) (internal quotation omitted).  Accordingly, because the judgment in favor of Warr was less favorable than the amount offered by defendants, Warr must reimburse defendants for taxable costs they incurred after April 28, 2015, the date they served the offer of judgment.  *Id.*

With respect to defendants' request for costs related to deposition transcripts and demonstrative trial exhibits, I find that such costs are properly taxable as they fall within the categories enumerated in Section 1920. *See* 28 U.S.C. § 1920(2), (4). Although plaintiffs have not specifically challenged defendants' request for these costs, defendants' submission demonstrates that the majority of the depositions for which they seek transcript costs occurred prior to service of the offer of judgment. (Docket ## 156 at ¶ 12; 163). Because defendants are only entitled to be reimbursed for costs incurred after April 28, 2015, only the costs for the depositions of Sherman Hardy, totaling $229, and Michael Callari, totaling $418.45, are reimbursable.[1] (Docket # 156-4 at 5-6). Accordingly, I find that defendants are entitled to reimbursement in the amounts of $475.20 for demonstrative exhibits and $647.45 for deposition transcripts.

Turning next to defendants' request for $26,770 in expert witness fees, I find that such costs exceed the reimbursable amount. "[C]osts under Rule 54(d) do not include fees charged by expert witnesses, and certainly do not include . . . fees for pre-trial work, in anticipation of litigation." *Millennium Pipeline Co. v. Acres of Land, Inc.*, 2015 WL 6126949, *4 (W.D.N.Y. 2015). Rather, witness fees properly taxable as costs under Rule 54(d) are limited to "an attendance fee of $40 per day for each day's attendance." *Id.* (quoting 28 U.S.C. § 1821(b)); *BIC Leisure Prods., Inc. v. Windsurfing Int'l, Inc.*, 850 F. Supp. 224, 229 (S.D.N.Y. ) ("Title 28 U.S.C. § 1920 provides that a judge or clerk of any court . . . may tax as costs . . . [f]ees and disbursements . . . for witnesses"[;] [h]owever, 28 U.S.C. § 1821(b) limits the witness

---

[1] The dates of the invoices for the remaining depositions submitted by defendants each predate service of the April 28, 2015 offer of judgment. (Docket # 156-4 at 1-4).

fees authorized by section 1920 to an attendance fee of $40 per day for each day's attendance plus travel time[;] [t]he Supreme Court has held that, absent express statutory authority to make further award, these provisions define the full extent of a federal court's power to shift the costs of payments to witnesses") (internal quotations and brackets omitted), *appeal dismissed*, 45 F.3d 442 (2d Cir. 1994). Moreover, expert witness fees are not recoverable as costs under Section 1983 (even if defendants were entitled to rely on Section 1983 as a statutory basis for their claimed fees). *See Montanez v. City of Syracuse*, 2020 WL 5123134, *15 (N.D.N.Y. 2020) ("[p]laintiff cannot recover expert fees as part of her costs because § 1988 does not allow the shifting of expert witness fees in § 1983 actions") (internal quotations omitted). Accordingly, defendants' reimbursement for the trial testimony of their two expert witnesses is limited to $80.

In sum, for the reasons stated above, I find that defendants are entitled to allowable costs in the amount of $1,202.65 ($475.20 + $647.45 + $80).

## II.     Amount of Attorneys' Fees

I turn next to plaintiffs' request for reimbursement of attorneys' fees in connection with the sanctionable conduct of defendants' counsel. Plaintiffs' counsel has submitted an affidavit, accompanied by a summary of billing records, requesting fees in the amount of $28,507.50 and transcript costs in the amount of $6,033.45. (Docket # 184 and Exhibits ("Ex.") B and C). Defendants have opposed this request as excessive and as premature because plaintiffs failed to confer with defendants in an attempt to reach an agreement on the

amount requested.² (Docket # 187). For the reasons discussed below, plaintiffs are hereby awarded attorneys' fees and costs in the amount of $21,356.45.

        Defendants maintain that plaintiffs' request for reimbursement of fees is premature because plaintiffs' counsel made no effort to negotiate the requested amount with defendants in contravention of this Court's Amended Decision and Order. (*Id.* at ¶¶ 3-6). Plaintiffs disagree that the Court's Amended Decision and Order required them to negotiate with defendants. Rather, plaintiffs maintain that it merely directed that the parties attempt to determine whether they could stipulate to the amount. (Docket # 188 at ¶¶ 21-29). According to plaintiffs' counsel, he received an email from defendants' counsel suggesting that the parties discuss whether to "offset[]" defendants' "considerable" cost application against amounts claimed by plaintiffs in connection with the sanctions award. (Docket ## 188 at ¶¶ 25-29; 188-1). Because plaintiffs opposed the majority of the costs sought by defendants, plaintiffs' counsel determined that the parties would be unable to stipulate to an amount. (*Id.*). On this record, I find that the issue of plaintiffs' fees request is ripe for determination.

        I turn next to the issue of the reasonableness of the fees requested. Defendants maintain that plaintiffs' request is excessive on three separate grounds: (1) certain hours are duplicative or fall outside of the scope of the sanctions authorized by the Court; (2) the hourly

---

² Defendants also contend that plaintiffs' counsel has failed to establish that the submitted billing records were contemporaneous. (Docket # 187 at ¶¶ 8-12). In support of this contention, defendants cite to two entries that appear to contain the incorrect date. (*Id.*). Plaintiffs' counsel has represented that the billing records were recorded contemporaneously and has explained that the entries identified by defendants reflect simple typographical errors. (Docket ## 184 at ¶ 5; 188 at ¶¶ 4, 6-8). On this record, I find that plaintiffs' counsel has established that he contemporaneously recorded his time.

Defendants also maintain that that the amount of fees requested by plaintiffs' counsel differs substantially from amounts that he has requested in connection with other litigation. (Docket # 187 at ¶ 13). As noted by plaintiffs' counsel, however, the transcript defendants attach to support their argument relates only to disbursements made by plaintiffs' counsel in connection with that litigation – not, as defendants suggest, to plaintiffs' counsel's fees. (Docket ## 187-1; 188 at ¶¶ 9-17).

8

rate requested is unreasonable; and, (3) the number of hours for which reimbursement is sought is excessive.  (Docket # 187 at ¶¶ 7, 14-21).

An award of reasonable attorneys' fees is typically calculated using the lodestar methodology, which requires the court to determine counsel's reasonable hourly rate and multiply it by the reasonable number of hours expended by counsel; that figure may then be adjusted in the district court's discretion.  *See*, *e.g.*, *Perdue v. Kenny A.*, 559 U.S. 542, 551 (2010) ("the lodestar figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence") (internal quotation omitted); *Grievson v. Rochester Psychiatric Ctr.*, 746 F. Supp. 2d 454, 460-61 (W.D.N.Y. 2010); *Jack v. Golden First Mortg. Corp.*, 2008 WL 2746314, *2 (E.D.N.Y. 2008); *Moreno v. Empire City Subway Co.*, 2008 WL 793605, *2 (S.D.N.Y. 2008); *see also Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008) (lodestar figure is the "presumptively reasonable fee").

According to plaintiffs' counsel, time entries reflecting work relating to the sanctionable conduct totaled approximately 81.45 hours.  (Docket # 184 at ¶ 7 and Ex. B). Plaintiffs' counsel then multiplied the total hours expended by an hourly rate of $350, resulting in $28,507.50.  (*Id.* at ¶¶ 9-10 and Ex. A).  Plaintiffs' counsel represents that "[i]n an effort to minimize opposition" to the requested amount, he did not include any hours expended by his staff, including paralegals, but did not specify how much time was deducted or submit any time entries reflecting such work.  (Docket # 188 at ¶ 5).

Defendants object that the $350 hourly rate requested by plaintiffs' counsel is unreasonably high, suggesting that a rate of no more than $295 per hour is more consistent with allowable rates in this district.  (Docket # 187 at ¶¶ 19-20).  As reflected in plaintiffs' counsel's submission, he is an experienced litigator with over twenty-five years of practice, primarily in

the fields of personal injury and civil rights litigation.  (Docket # 184 at ¶¶ 11-14).  Based upon my familiarity with prevailing hourly rates in this district, I find that the proposed $350 hourly rate is unreasonable and conclude that the $275 is more commensurate with prevailing local rates and is appropriate in this case.  *See Johnson v. New Bern Transp. Corp.*, 2020 WL 6736861, *4-5 (W.D.N.Y. 2020) ("[t]he [c]ourt finds the requested [$300] hourly rate and hours reasonable given recent case law in this district, [the attorney's] experience in consumer litigation, his work drafting the pleadings and motions, and his efforts to resolve the case"); *Figueroa v. KK Sub II, LLC*, 2019 WL 1109864, *10 (W.D.N.Y. 2019) (setting hourly rates for experienced attorneys in this district between $250 and $300); *Taylor v. Delta-Sonic Car Wash Sys., Inc.*, 2017 WL 436045, *7 (W.D.N.Y. 2017) ("[a]n hourly rate of $250 for legal services . . . strikes this [c]ourt as both fair and reasonable given . . . the hourly rate employed by comparable attorneys here in the Western District"); *Costa v. Sears Home Improvement Prods., Inc.*, 212 F. Supp. 3d 412, 420 (W.D.N.Y. 2016) ("[t]he hourly rates generally allowed in this District . . . are in the range of $225-$250 for partner time or senior associate time, $150-$175 for junior associate time, and $75 for paralegal time").

With respect to the number of hours expended, defendants urge the Court to disallow 11.8 hours as duplicative and unnecessarily expended.  (Docket # 187 at ¶ 15).  After the verdict, based upon oral representations of counsel that they intended to file post-trial motions, the Court set a briefing schedule for such motions, which stated that any motions must be "supported by references to the evidentiary record where appropriate."  (Docket # 150).  Despite that direction, plaintiffs' original post-trial submissions did not include any transcript citations.  Rather, it was supported entirely by plaintiffs' counsel's "recollection and/or notes of testimony, evidence, and arguments presented to the jury" (Docket # 166), which led the Court to

issue a further order directing plaintiffs "to supplement their post-trial motion with an amended affidavit and memorandum of law supported by specific citations to the trial record and accompanied by the trial transcript" (*id.* at 2).

Defendants maintain that time entries for February 12, 13, and 23, 2019 reflect that plaintiffs' counsel spent approximately 11.8 hours reviewing his trial notes, including notes of the testimony of Levine, Ameduri, Kuttner, Benedict, Molinari, Reagles, Reiber, in order to draft his original submission. (Docket ## 187 at ¶¶ 14-15; 184 at Ex. B). Later time entries demonstrate that plaintiffs' counsel reviewed this testimony again after obtaining the trial transcript – a duplication of time that occurred as a result of counsel's disregard of the Court's instructions. (Docket # 184 at Ex. B (entries for September 10, 11, 12, 17). I agree with defendants that a reduction of 11.8 hours as duplicative is reasonable.

Defendants also challenge time entries from November 2, 2019 and March 3 and 13, 2020, on the grounds that they do not represent time spent "researching, preparing, and filing plaintiffs' post-trial submissions" and thus are not compensable pursuant to this Court's prior decision and order. (Docket # 187 at ¶ 21). Having reviewed the entries, the work reflected clearly related to plaintiffs' post-trial motion practice and defendants' counsel's sanctionable conduct. I find that the time is properly compensable and that deduction of these hours is not warranted.

Defendants also object to the number of hours for which reimbursement is sought on the grounds that the total hours are excessive and consist of "block-billing," entries which "inclu[de] . . . more than one task in an entry[,] making it difficult for the [c]ourt to ascertain whether hours recorded in those entries were reasonable." *Spencer v. City of New York*, 2013 WL 6008240, *7 (S.D.N.Y. 2013). Hours that are "excessive, redundant, or otherwise

11

unnecessary" should be excluded from the award as unreasonably expended. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). "In calculating the number of reasonable hours, the court looks to its own familiarity with the case and its experience with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties." *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d. Cir. 1992) (internal quotation omitted). One way to accomplish that reduction is to evaluate the reasonableness of each individual time entry and to make reductions and exclusions as necessary. *See, e.g., Pasternak v. Baines*, 2008 WL 2019812, *7 (W.D.N.Y. 2008); *Rich Prods. Corp. v. Impress Indus.*, 2008 WL 203020, *3 (W.D.N.Y. 2008). Another "practical means of trimming the fat" is to apply a reasonable percentage reduction to the total number of hours requested. *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (internal quotation omitted); *see, e.g., Simmonds v. New York City Dep't of Corr.*, 2008 WL 4303474, *8 (S.D.N.Y. 2008) (applying 40% reduction); *Rozell v. Ross-Holst*, 576 F. Supp. 2d 527, 541 (S.D.N.Y. 2008) (applying 15% reduction); *Moreno v. Empire City Subway Co.*, 2008 WL 793605 at *6 (applying 15% reduction); *Anderson v. Rochester-Genesee Reg'l Transp. Auth.*, 388 F. Supp. 2d 159, 167 (W.D.N.Y. 2005) (applying 20% reduction); *Elliott v. Bd. of Educ. of Rochester City Sch. Dist.*, 295 F. Supp. 2d 282, 286 (W.D.N.Y. 2003) (applying 10% reduction); *Auscape Int'l v. Nat'l Geographic Soc'y*, 2003 WL 21976400, *5 (S.D.N.Y.) (applying 20% reduction), *aff'd*, 2003 WL 22244953 (S.D.N.Y. 2003); *Sabatini v. Corning-Painted Post Area Sch. Dist.*, 190 F. Supp. 2d 509, 522 (W.D.N.Y. 2001) (applying 15% reduction).

Plaintiffs' counsel has submitted a declaration affirming that a total of 81.45 hours were expended in connection with plaintiffs' post-trial motion, 11.8 of which I have already determined should be excluded. The Court has carefully reviewed counsel's submission

with respect to the remaining 69.65 hours and finds that some of the time logged appears excessive. For example, the billing summary indicates that counsel expended approximately 40 hours to review eight days of trial transcripts. In addition, counsel asserts that 13 hours were expended drafting the supplemental affidavit and supplemental memorandum of law. This time was in addition to the approximately 23 hours[3] already expended researching and drafting the original affidavit and memorandum of law. Although the supplemental submissions provided significantly more evidentiary support, the legal arguments were largely unchanged from the original submissions. (*Compare* Docket # 158 *with* # 170).

        Moreover, I agree with defendants' counsel that the use of block-billing makes it difficult to discern whether the hours recorded in the time entries were reasonable, further justifying an across-the-board reduction. *See Jarosz v. Am. Axle & Mfg., Inc.*, 2019 WL 6723741, *7 (W.D.N.Y. 2019) ("[a]n across-the-board reduction may also be warranted if the court's review is stymied by vague or excessive entries or block-billing practices"); *Mendez v. Radec Corp.*, 907 F. Supp. 2d 353, 359 (W.D.N.Y. 2012) ("the [c]ourt finds that an across-the-board percentage reduction in the number of hours requested is necessary based on [p]laintiffs' failure to use billing judgment, the inclusion of redundant and unnecessary hours in their fee application and their excessive use of block billing"); *Nimkoff Rosenfeld & Schechter, LLP v. RKO Props., Ltd.*, 2011 WL 8955840, *7 (S.D.N.Y. 2011) ("[w]hile the use of block-billing does not automatically compel an across-the-board reduction, . . . the difficulty created by [the attorney's] 'substantial' use of block-billing in this case warrants such a reduction"), *report and recommendation adopted by*, 2012 WL 3871394 (S.D.N.Y. 2012). In my discretion, and based upon my familiarity with the trial and post-trial motions, I determine that

---

    [3] These 23 hours do not include the 11.8 hours spent reviewing trial notes that I already determined should be deducted.

the number of hours for which reimbursement is sought should be reduced by twenty percent to arrive at a reasonable number of hours. *See Anderson v. Rochester-Genesee Reg'l Transp. Auth.*, 388 F. Supp. 2d at 167 ("[t]o reflect both the excessive hours claimed and the insufficiency of some of [the attorneys'] time records, the [c]ourt will reduce the hours claimed by 20%"). Applying that twenty percent reduction results in a total fee of $15,323 (55.72 hours x $275).

Plaintiffs have also sought reimbursement in the amount of $6,033.45 for the costs of ordering the trial transcripts, an expense for which my Amended Decision and Order expressly authorized reimbursement (Docket # 180 at 49), and as to which defendants have lodged no specific objection. I find that this amount is reasonable and should be reimbursed. Accordingly, I find that plaintiffs are entitled to be reimbursed in the amount of $21,356.45 in attorneys' fees and costs.

## CONCLUSION

For the reasons discussed above, defendants' bill of costs (Docket # 156) is GRANTED in part, and defendants are awarded $1,202.65 in costs. The Clerk of the Court is directed to amend the judgment entered in this case to include $1,202.65 in costs. Additionally, for the reasons discussed above, I find plaintiffs are entitled to be reimbursed the sum of $21,356.45 in attorneys' fees and costs. The above-stated sums are to be paid by no later than thirty (30) days from the date of this Order.

**IT IS SO ORDERED.**

                                      *s/Marian W. Payson*
                                      MARIAN W. PAYSON
                                  United States Magistrate Judge

Dated: Rochester, New York
       March 31, 2022